IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FREDERICK HERROD                                                              PLAINTIFF

                    v.               Civil No.   5:25-cv-05154-TLB

PAMELA JO BONDI,
United States Attorney General                                               DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Frederick Herrod ("Herrod"), who is now a state inmate housed in the Texas Department of Criminal Justice – George Beto Unit in Tennessee Colony, Texas, has filed a new action against United States Attorney General Pamela Jo Bondi pursuant to the Administrative Procedures Act, under 5 U.S.C. § 702 and § 706.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Chief U.S. District Judge Timothy L. Brooks referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).

### I.        Relevant Background

It is clear from the onset that Herrod is challenging this Court's dismissal of a prior complaint Herrod made in *Herrod v. Bondi,* 5:25-5070-TLB as well as the denial of his 2021 habeas petition.   Herrod continues to claim that his "habeas privilege" has been violated by this

---

[1] Enacted as part of the Prison Litigation Reform Act.

1

Court. (ECF No. 1 at 2). Although Herrod invokes the Administrative Procedures Act to proceed, Herrod alleges that "[a]t a minimum, the habeas statute 28 USC § 2255 should have afforded the movant [Herrod] the opportunity to challenge the formal jurisdiction of the committing court based on the fact that he was held to answer for a crime without an indictment by a grand jury." *Id*. at 5. Herrod notes that he "has been convicted and is illegally detained by the US Government under legislative statutes that did not provide the Court with proper competent jurisdiction of the committing court." (ECF No. 1-1, p.1). Herrod seeks declaratory relief, asking this Court to find unlawful 28 U.S.C. §§ 2244(b)(2)(A) & (B), 28 U.S.C. § 1015(g) and 28 U.S.C. § 1331. *Id*. at 6. Herrod names only United States Attorney General Pamela Jo Bondi and brings his claims against Bondi in her official capacity.

In his Memorandum (ECF No. 1-1), Herrod reminds the Court that he filed a motion to vacate his sentence under 28 U.S.C. § 2255 and argues that, as applied to him, § 2255 and § 2243 "failed to protect his constitutional guarantee and violated his 'privilege' of habeas corpus as defined by Supreme Court [h]oldings." (ECF No. 1-1, p.1; *see also United States v. Herrod,* 5:19-cr-50094-1-TLB (ECF No. 103) (motion to vacate); (ECF No. 107) (amended motion to vacate); (ECF No. 149) (supplement); (ECF No. 151) (supplement)).

As background, Herrod pled guilty to a one-count information charging him with possession with intent to distribute a mixture or substance that contained a detectable amount of methamphetamine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), *Herrod v. United States,* 5:21-cv-05154-TLB (civil case) (all filings docketed to the criminal case); *United States v. Herrod,* 5:19-cr-50094-1-TLB (criminal case). He was sentenced to 108 months of imprisonment, 3 years of supervised release, a $4,900 fine and special assessment of $100.  In his § 2255 motion, Herrod's primary

contention was that the United States District Court for the Western District of Arkansas, Fayetteville Division, lacked jurisdiction to prosecute him for violations of federal drug laws. (5:19-cr-50094-1 (ECF No. 154 at 6)). The undersigned determined that a procedural bar existed to Herrod's § 2255 claim because the Court of Appeals for the Eighth Circuit previously had rejected his jurisdictional challenge, *United States v. Herrod,* 825 Fed. Appx. 406 (8th Cir. 2020) (per curiam).   (5:19-cr-50094-1 (ECF No. 154 at 6-7)) (report and recommendation)). Dismissal with prejudice of the § 2255 habeas corpus action was recommended and Herrod objected. (5:19-cr-50094-1 (ECF No. 155)).

Chief Judge Brooks adopted the report and recommendation in its entirety and dismissed Herrod's petition to vacate with prejudice. (5:19-cr-50094-1 ECF No. 158). A certificate of appealability was denied. *Id.* Herrod then filed a motion to reduce his sentence (5:19-cr-50094-1 ECF No. 178) which was granted and Herrod's sentence was reduced to ninety-seven months. (5:19-cr-50094-1 (ECF No. 179)). Herrod filed a second motion for reduction of sentence which was denied on August 8, 2025. (5:19-cr-50094-1 (ECF No. 184)).

On March 27, 2025, Herrod filed a civil action against United States Attorney Pamel Bondi (5:25-CV-5070) wherein Judge Brooks adopted the undersigned's Report and Recommendation (5:25-5070, ECF No. 7) and dismissed Herrod's Complaint.  Ruling on Herrod's Motion for Reconsideration (5:25-5070, ECF No. 14), Judge Brooks described Herrod's civil complaint as "a thinly veiled attempt to repackage Mr. Herrod's unsuccessful jurisdictional arguments" raised in his prior § 2255 Petition which were denied on August 12, 2022.   (See 5:25-5070, ECF No. 15).

Herrod once again argues for habeas relief in his current Complaint, providing a regurgitation of his prior arguments and attaching as exhibits many of the Orders and materials

from his original 2019 criminal case. Of note, Herrod was released from the Bureau of Prisons on July 18, 2025; arrested on an outstanding warrant from the State of Texas; and incarcerated in the Texas Department of Corrections where his proposed release date is December 19, 2046.   With respect to his federal sentence, his three (3) years of federal supervised release are noted as inactive.

## II.    SCREENING STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    DISCUSSION

Although Herrod has gone to great lengths to reframe his claims as violations of the Administrative Procedures Act, he has done nothing more than repackage the claims he asserted on direct appeal from his guilty plea and sentencing and ones he included in his subsequent § 2255 petition and civil actions.   The undersigned previously has described Herrod's arguments as "verbose and circuitous" but boiled to their essence as this – the United States District Court for the Western District of Arkansas lacked jurisdiction to prosecute him in the underlying criminal case, and as a result, he should have been granted habeas relief and released from custody.

The Court of Appeals for the Eighth Circuit rejected Herrod's jurisdictional arguments, noting that 18 U.S.C. § 3231 gave the district courts original jurisdiction over all offenses against the laws of the United States. *United States v. Herrod,* 825 Fed. Appx. 406, 497 (8th Cir. 2020) (per curiam).   Herrod's arguments were then rejected in Chief Judge Brooks' Order adopting the undersigned's report and recommendation with respect to Herrod's § 2255 petition.   Judge Brooks noted Herrod's jurisdictional arguments challenged "the so called 'dual sovereignty' doctrine." (5:19-50094-1 (ECF No. 158 at 2)). In short, Herrod believed the federal government lacked jurisdiction to charge him with drug crimes because the state was also charging him with drug crimes on same set of facts.   Judge Brooks clarified:

> The state and federal governments are different sovereigns with different laws.   They may each prosecute an individual for the same unlawful conduct without offending the U.S. Constitution.   *See Heath v. Alabama,* 474 U.S. 82, 90 (1985) ("[T]he dual sovereignty doctrine is founded on the common law conception of crime against the sovereignty of the government.   When a single act violates the peace and dignity of two sovereigns by breaking the laws of each, [the defendant] has committed two distinct offences.").

*Id.*

These prior decisions continue to operate as a procedural bar to Herrod's current claims. *Hillary v. Trans World Airlines, Inc.,* 123 F.3d 1041, 1044 n.2 (8th Cir. 1997) ("Under federal law, the doctrine of rest judicata bars litigation of a claim if: '(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases'") (citations omitted), *cert. denied,* 522 U.S. 1090 (1998).   Herrod has therefore failed to state any plausible claims.

To the extent Herrod seeks to re-invoke the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, to review the decision of the United States Attorney's Office to prosecute him, his claim once again fails.   While the APA allows review of final agency decisions, it does not permit review of an individualized decision on whether to federally prosecute an individual.   In *Heckler v. Chaney,* 470 U.S. 821, 831 (1985), the Supreme Court recognized a distinction between an individualized prosecutorial decision and a broadly applicable enforcement policy.   *Id.* ("The Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.); *United States v. Armstrong,* 517 U.S. 456 (1996) ("The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws.   They have this latitude because they are designated by statutes as the President's delegates to help him discharge his constitutional responsibility to 'Take Care that the Laws be faithfully executed.' U.S. Const., Art. II, § 3.").   "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before the grand jury, generally rests

6

in his discretion.'" *Id.* (quoting *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978)).   Herrod makes no argument he is challenging a specific Department of Justice ("DOJ") policy regarding the prosecution of drug offenders.   *See e.g., WildEarth Guardians v. United States Department of Justice,* 181 F. Supp. 3d 651 (D. Ariz. 2015) (challenge to the DOJ's McKittrick policy is permissible under the APA).   Herrod has failed to state a claim under the APA.

## IV.   CONCLUSION

For the reasons stated above, it is recommended that:

(1)  the current case be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) **Herrod be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration (this will be Herrod's 2nd strike flag); and**

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**RECOMMENDED** this 17th day of November 2025.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE